UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KHARA AMUN BEY                           CIVIL ACTION

VERSUS                                   NO: 14-2797

BANK OF AMERICA, ET AL.                  SECTION: "A" (5)

### ORDER AND REASONS

Before the Court is a **Motion to Dismiss (Rec. Doc. 8)** filed

by defendant Bank of America, N.A. ("BANA").  Plaintiff, Khara

Amun Bey, opposes the motion.[1]  The motion, set for submission on

March 11, 2015, is before the Court without oral argument. For

the reasons that follow, the motion is **GRANTED**.

### I.   BACKGROUND

Petitioner, proceeding pro se and in forma pauperis, brings

this action to quiet title to property located at 3649 Lake Lynn

Drive, Gretna, Louisiana.  Plaintiff claims that he is entitled

to do so "through [i]ndigenous family lineage, [a]ffidavit, and

corporeal possession."

More specifically, Plaintiff claims that he took corporeal

possession of the property with the intent to possess as owner on

October 13, 2014, as evidenced by his acts of maintenance and

---

[1] The parties dispute whether Plaintiff timely filed his
opposition to BANA's motion.  However, as Plaintiff is proceeding
pro se, the Court will consider all briefing for purposes of the
present motion.

repair.  He alleges that at the time of taking possession the property had been abandoned and eviction proceedings had been instituted against it.

Plaintiff received a letter from Dean Morris, L.L.P. (a law firm), dated October 30, 2014, informing any "occupants" that the Federal Home Loan Mortgage Corporation ("Freddie Mac") owns the property and was instituting eviction proceedings.  Plaintiff claims that there is no evidence of Freddie Mac's ownership and that it is a negligent misrepresentation.

Plaintiff also claims that defendant BSM Financial, L.P., originally held a mortgage on the property which it then transferred to BANA, recorded on October 30, 2014.  Plaintiff alleges that neither of these entities ever owned the property, thus rendering the transfers fraudulent.  He further alleges that as corporations they cannot have ownership rights on real property.

Plaintiff filed this Complaint December 10, 2014, claiming that these allegedly "fraudulent conveyances constitute a cloud on [his] title" and seeking a ruling of this Court that any ownership claims of Defendants are "null and void."

## II.  <u>STANDARD OF REVIEW</u>

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US*

*Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

3

*Pro se* pleadings must be given the benefit of liberal construction. *Cooper v. Sheriff of Lubbock Cnty.*, 929 F.2d 1078, 1081 (5th Cir. 1991). On the other hand, *pro se* litigants are not exempt from the requirement that they plead sufficient facts to allege a plausible claim for relief or from the principle that mere legal conclusions do not suffice to prevent dismissal. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *Christian Leader. Conf. v. Sup. Ct. of La.*, 252 F.3d 781, 786 (5th Cir. 2001)).

## III. <u>DISCUSSION</u>

### a. Subject Matter Jurisdiction

Federal courts have the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if jurisdiction is lacking. *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985) (citing Fed. R. Civ. P. 12(h)(3); *In re Kutner*, 656 F.2d 1107, 1110 (5th Cir. 1981)); 28 U.S.C.A. § 1447(c) (West 2006). Subject matter jurisdiction can never be waived nor can jurisdiction be conferred by consent of the parties. *Id.* (citing C. Wright A. Miller & E. Cooper, Fed. Prac. & Proc. § 3522 (1984)). It is well-established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper. *In re North American Philips Corp.*, 1991 WL 40259, at *2 (5th Cir. 1991).

4

Although not raised by the parties, the Court had concern as to a lack of diversity between Plaintiff and one of the defendants, Jennifer Honeycutt.  It appears that Plaintiff is a citizen of Louisiana.[2]  To that end, the Court ordered supplemental briefing to address this issue.  (Rec. Doc. 22). Having reviewed this briefing, the Court now finds that it has jurisdiction to consider this matter.  Several factors indicate that Jennifer Honeycutt was domiciled in Texas at the time of filing, rendering complete diversity between the parties.  The amount in controversy exceeds the $75,000.00 threshold.

**b.  Failure to State a Claim**

BANA contends that Plaintiff cannot maintain this quiet title action for several reasons.  First, BANA notes that Plaintiff has only alleged possession of the property beginning in October 2014 and presents no just title concerning the property.  BANA points out that this falls far short of the bad faith acquisitive prescription period of thirty years.  BANA also argues that Plaintiff's arguments concerning ownership by occupancy of abandoned property applies only to movables.  Next, BANA argues that the Court may take judicial notice of the prior

---

[2] Plaintiff claims that "his status" is that of an "Indigenous American National."  Courts have previously rejected such an assertion of citizenship as patently frivolous.  *See, e.g., Hampton v. City of Durham*, no. 10cv706, 2010 WL 3785538, at *2-3 (M.D. NC Sept. 22, 2010)(collecting cases).  This Court does the same.

mortgages and transfers regarding this property, and that
Plaintiff cannot point to any invalid conveyances concerning the
property.  Finally, BANA argues that any claims of ownership by
Plaintiff on the basis of his "Moorish American National"
heritage are frivolous.

To state a prima facie case in a quiet title action,
Plaintiff must provide the following: 1.) claim of ownership
(*i.e.*, "prima facie proof that the plaintiffs are the owners of
the property"); 2.) existence of clouds; 3.) description of the
property; and 4.) prayer for cancellation of the clouds.  *Spencer
v. James*, 955 So.2d 1287, 1292-93 (La. App. 2 Cir. 2007).

Plaintiff's general contention that one may establish
ownership of an abandoned thing by occupancy is irrelevant in
this case.  The lending institutions holding a mortgage on the
property asserted their right to seize the property, *i.e.*,
asserted their ownership, upon the default of the Honeycutts.
(Rec. Doc. 8-2).[3]  Thus, the voluntariness that comprises an

---

[3] The Court may consider documents which are incorporated by
reference in the complaint.  *Dorsey v. Portfolio Equities, Inc.*,
540 F.3d 333, 338 (5th Cir. 2008)(citing *Tellabs, Inc. v. Makor
Issues & Rights, Ltd.*, 551 U.S. 308 (2007)).  The Court may also
take notice of matters of public record, such as mortgage and
conveyance documents.  *See Morlock, LLC v. Bank of America, N.A.*,
573 F. Appx. 364, 366 n.3 (5th Cir. 2014).
Further, Plaintiff is incorrect that corporations cannot
exercise ownership over immovable property.  La. C.C. art. 479
("The right of ownership may exist only in favor of a natural
person or a juridical person."); La. C.C. art. 24 (providing, in
part, "[a] juridical person is an entity to which the law
attributes personality, such as a corporation or a partnership").

essential part of a finding of abandonment is not present in these facts. *See Porrier v. Dale's Dozer Srvc., Inc.*, 770 So.2d 531, 537 (La. App. 1 Cir. 2000)([A]bandonment . . . requires a manifestation of the intent to give up ownership."). The Court goes no further in examining the applicability of such a theory to these circumstances.

Even assuming that Plaintiff has had corporeal possession since October 13, 2014, Plaintiff cannot establish any other prima facie case for ownership or even for a possessory action. La. C.C. art. 794 (requiring thirty years of acquisitive prescription to establish ownership in the absence of just title and good faith); La. C.C.P. art. 3658 (requiring a minimum of one year of possession as an element of a possessory action). Any claim to ownership by Plaintiff based on his alleged status as an "Indigenous Moorish American National" lacks any legal basis and is thus disregarded as frivolous. *See, e.g.*, *Bey v. Cherry*, no. 14-4802, 2015 WL 300388, at *2 (D. N.J. Jan. 21, 2015)(collecting cases).

Finally, the Court finds that Plaintiff has pleaded his "best case" and thus will not be permitted to amend his Complaint. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)(citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). Further amendment based on these facts would not cure the Complaint's current deficiencies.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 8)** filed by defendant Bank of America, N.A. ("BANA") is **GRANTED.**  Pursuant to F.R.C.P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** in its entirety.

July 6, 2015

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE